UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                              :

EDUARDO GONZALEZ,              :

                         Petitioner,     :
                              :       05 Civ. 9028 (GEL)
           -v-            :
                              :       **OPINION AND ORDER**
                              :

THE PEOPLE OF THE STATE OF NEW YORK,  :
                              :
                       Respondent.    :
------------------------------------------------------------x

GERARD E. LYNCH, District Judge:

      Eduardo Gonzalez, the petitioner, requests the appointment of counsel to pursue his habeas corpus application.

      Under 18 U.S.C. § 3006A(a)(2), a petitioner for habeas corpus is not entitled as of right to the appointment of counsel; however, that statute permits a federal court to appoint counsel for a financially eligible petitioner when "the interests of justice so require." 18 U.S.C. § 3006(a)(2). "In determining whether to grant discretionary appointment of counsel, courts in this circuit have looked to such factors as the petitioner's likelihood of success on the merits, the complexity of the legal issues raised by the petition, and the petitioner's ability to investigate and present the case." De los Rios v. United States, 86 Cr. 279 (LMM), 1994 WL 502635, at *6 (S.D.N.Y. Sept. 14, 1994), citing Vaughn v. United States, 647 F. Supp. 826, 827 (S.D.N.Y.1986); Shaird v. Scully, 610 F. Supp. 442, 444 (S.D.N.Y. 1985).

      In this matter, petitioner's "ability to investigate and present the case" appears to be limited. The habeas petition is bare-bones, and replete with misspellings and indications of misunderstandings of the legal record. (For example, although petitioner's principal claim is

based on the denial of a challenge for cause to a prospective juror, petitioner was unable to answer the question on the standard form asking whether he received a trial by judge or by jury, checking neither box and typing in "verdict returned by the court." Petitioner also indicates that he pursued no relief in the state courts beyond the Appellate Division; however, a quick check on Westlaw discloses that leave to appeal to the Court of Appeals was sought and denied. See People v. Morales, 5 N.Y. 3d 766 (2005).) Moreover, petitioner requests appointment of a Spanish-speaking lawyer, suggesting his capability in English is limited.

On the other hand, petitioner's burden in presenting his case is significantly eased by the fact that he presented identical claims on direct appeal with the assistance of counsel. See People v. Gonzalez, 792 N.Y.S.2d 407 (1st Dep't 2005). The Court will have access to his former counsel's briefing on appeal, as well as a full record of the trial. Petitioner does not indicate a desire to raise any issues other than those already presented to the state courts by his attorney, or to address any matters not fully disclosed in the record. There is little reason to believe that a new attorney would present the arguments better than they were presented in the state courts, or that securing any such improvement would be worth the use of scarce resources for the appointment of counsel. See Abdullah v. Norris, 18 F.3d 571, 574 (8th Cir. 1994).

Moreover, the "likelihood of success on the merits" weighs strongly against expending public funds on this matter. The issues to be presented do not on their face appear likely to be meritorious. Petitioner argues (1) that a juror should have been excused for cause because he was biased in favor of police testimony and "failed to give [the court] the required assurance of impa[r]tiality" during voir dire, and (2) that the trial court denied him due process by giving certain erroneous jury instructions. However, (1) the Appellate Division ruled that the juror in

question "gave an unequivocal assurance of his impartiality," Gonzalez, 792 N.Y.S.2d at 407, and (2) whether the court properly gave or denied standard jury instructions such matters as missing witnesses and presumptions regarding possession are primarily matters of state law for which habeas relief is rarely available. See Cottrel v. New York, 259 F.Supp.2d 300, 304-05 (S.D.N.Y. 2003). Furthermore, even if the Court were to find some arguable error in the state courts' conclusions, petitioner faces a daunting standard of review. Under § 2254, this Court may not grant habeas relief to a petitioner whose claim was considered on the merits in state court unless the state court's adjudication of the matter (1) resulted in a decision contrary to, or involving an unreasonable application of, Supreme Court precedent, or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254.

Though success seems unlikely at this early stage, the Court expresses no view on the ultimate merits of petitioner's arguments. The record is insufficiently developed to do so, and the Court by separate order issued today directs respondent to respond, including to provide the Court with the record of the case (which will include petitioner's brief on appeal). That, along with whatever reply petitioner chooses to make, should be sufficient to permit the Court to review the issues presented by this petition. If the record presents reason to believe that it would be in the interests of justice for counsel to be appointed, the Court has full power to revisit the question and appoint counsel. At this point in time, however, the interests of justice do not favor appointment of counsel.

Petitioner's application for appointment of counsel pursuant to 18 U.S.C. § 3006A is therefore denied.

SO ORDERED.

Dated: New York, New York
      March 21, 2006

                                              GERARD E. LYNCH
                                          United States District Judge